1 THOMAS P. O'BRIEN
  United States Attorney
2 CHRISTINE C. EWELL
  Assistant United States Attorney
3 Chief, Criminal Division
  ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
4 JUSTIN RHOADES (Cal. State Bar No.: 230463)
  JEFF MITCHELL (Cal. State Bar No.: 236225)
5 Assistant United States Attorneys
  Violent & Organized Crime Section
6      1500 United States Courthouse
       312 North Spring Street
7      Los Angeles, California 90012
       Telephone: (213) 894-2917/3380/0698
8      Facsimile: (213) 894-3713
       E-mail: ariel.neuman@usdoj.gov
9              justin.rhoades@usdoj.gov
               jeff.mitchell@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                    UNITED STATES DISTRICT COURT

13             FOR THE CENTRAL DISTRICT OF CALIFORNIA

14
   UNITED STATES OF AMERICA,      ) CR No. 09-230(A)-SVW
15                                )
                    Plaintiff,    ) PLEA AGREEMENT FOR DEFENDANT
16                                ) ANTERO MENDOZA ORTIZ
                    v.            )
17                                )
   RAMON NARCISO MORALES          )
18 MENDOZA, ET AL.,               )
                                  )
19             Defendants.        )
                                  )

20

21      1.   This constitutes the plea agreement between ANTERO

22 MENDOZA ORTIZ ("defendant") and the United States Attorney's

23 Office for the Central District of California ("the USAO") in the

24 above-captioned case.  This agreement is limited to the USAO and

25 cannot bind any other federal, state or local prosecuting,

26 administrative or regulatory authorities.

27 //

28 //

1                           PLEA

2     2.   Defendant agrees to plead guilty to count one of the

3 First Superseding Indictment in United States v. Ramon Narciso

4 Mendoza, et al., CR No. 09-230(A)-SVW.

5                   NATURE OF THE OFFENSE

6     3.   In order for defendant to be guilty of count one,

7 which charges a violation of Title 21, United States Code,

8 Section 846, the following must be true:

9         a.   Defendant entered into an agreement with at least

10 one other person to commit the crime of distribution of heroin;

11 and

12         b.   Defendant became a member of the conspiracy knowing

13 of at least one of its objects and intending to help accomplish

14 it.

15     4.   Moreover, in order for defendant to be subject to the

16 statutory maximum and statutory minimum sentence set forth below,

17 the government must prove beyond a reasonable doubt that

18 defendant conspired to distribute at least 1 kilogram of a

19 mixture or substance containing a detectable amount of heroin, a

20 schedule I narcotic controlled substance.  Defendant admits that

21 defendant, in fact, conspired to distribute at least 1 kilogram

22 of a mixture or substance containing a detectable amount of

23 heroin, as described in count one of the First Superseding

24 Indictment.

25                      PENALTIES

26     5.   The statutory maximum sentence that the Court can

27 impose for this violation of Title 21, United States Code Section

28

1  846 is: lifetime imprisonment, a lifetime period of supervised

2  release, a fine of $4,000,000, and a mandatory special assessment

3  of $100.

4       6.    Absent a determination by the Court that defendant's

5  case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and

6  United States Sentencing Guideline § 5C1.2, the statutory

7  mandatory minimum sentence that the Court must impose for this

8  violation of Title 21, United States Code, Section 846 is:

9  10 years imprisonment, a 5-year term of supervised release, and a

10  mandatory special assessment of $100.

11       7.    Supervised release is a period of time following

12  imprisonment during which defendant will be subject to various

13  restrictions and requirements.  Defendant understands that if

14  defendant violates one or more of the conditions of any

15  supervised release imposed, defendant may be returned to prison

16  for all or part of the term of supervised release, which could

17  result in defendant serving a total term of imprisonment greater

18  than the statutory maximum stated above.

19       8.    Defendant also understands that, by pleading guilty,

20  defendant may be giving up valuable government benefits and

21  valuable civic rights, such as the right to vote, the right to

22  possess a firearm, the right to hold office, and the right to

23  serve on a jury.

24       9.    Under 21 U.S.C. § 862a, defendant will not be eligible

25  for assistance under state programs funded under the Social

26  Security Act or Federal Food Stamp Act and will not be eligible

27  for federal food stamp program benefits; furthermore, any such

28  benefits or assistance received by defendant's family members

3

1  will be reduced to reflect defendant's ineligibility.

2      10.  Defendant further understands that the conviction in

3  this case may subject defendant to various collateral

4  consequences, including but not limited to deportation,

5  revocation of probation, parole, or supervised release in another

6  case, and suspension or revocation of a professional license.

7  Defendant understands that unanticipated collateral consequences

8  will not serve as grounds to withdraw defendant's guilty plea.

9                          FACTUAL BASIS

10      11.  Defendant and the USAO agree and stipulate to the

11  statement of facts provided below.  This statement of facts is

12  sufficient to support a plea of guilty to the charge described in

13  this agreement and to establish the sentencing guideline factors

14  set forth in paragraph 14 below.  It is not meant to be a

15  complete recitation of all facts relevant to the underlying

16  criminal conduct or all facts known to either party that relate

17  to that conduct.

18      Beginning on a date unknown and continuing through April 9,

19  2009, defendant knowingly and intentionally conspired to sell

20  more than 1 kilogram of heroin with members of the heroin

21  distribution organization led by the Mendoza family in East Los

22  Angeles.  Specifically, defendant agreed to and did receive

23  heroin from various co-defendants, and then, together with

24  others, sold it in the Los Angeles area.  Defendant regularly

25  communicated with co-defendants in order to arrange for the

26  delivery of black tar heroin to him and others, and would help

27  process and package the heroin for sales to customers.  Defendant

28  would also coordinate information with others regarding law

1  enforcement activity to help those involved in the sale and

2  transportation of heroin evade detection by law enforcement.

3  Defendant admits knew that the substance he conspired to and did

4  possess and distribute was heroin.  Defendant further admits that

5  he knew that the conspiracy to sell heroin included an agreement

6  to sell more than 1 kilogram but less than 3 kilograms of heroin.

7                    WAIVER OF CONSTITUTIONAL RIGHTS

8       12.  By pleading guilty, defendant gives up the following

9  rights:

10            a) The right to persist in a plea of not guilty.

11            b) The right to a speedy and public trial by jury.

12            c) The right to the assistance of legal counsel at

13  trial, including the right to have the Court appoint counsel for

14  defendant for the purpose of representation at trial.  (In this

15  regard, defendant understands that, despite his plea of guilty,

16  he retains the right to be represented by counsel -- and, if

17  necessary, to have the court appoint counsel if defendant cannot

18  afford counsel -- at every other stage of the proceeding.)

19            d) The right to be presumed innocent and to have the

20  burden of proof placed on the government to prove defendant

21  guilty beyond a reasonable doubt.

22            e) The right to confront and cross-examine witnesses

23  against defendant.

24            f) The right, if defendant wished, to testify on

25  defendant's own behalf and present evidence in opposition to the

26  charges, including the right to call witnesses and to subpoena

27  those witnesses to testify.

28            g) The right not to be compelled to testify, and, if

                                  5

1 defendant chose not to testify or present evidence, to have that

2 choice not be used against defendant.

3       By pleading guilty, defendant also gives up any and all

4 rights to pursue any affirmative defenses, Fourth Amendment or

5 Fifth Amendment claims, and other pretrial motions that have been

6 filed or could be filed.

                          SENTENCING FACTORS

8       13.  Defendant understands that the Court is required to

9 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

10 including the kinds of sentence and sentencing range established

11 under the United States Sentencing Guidelines ("U.S.S.G." or

12 "Sentencing Guidelines"), in determining defendant's sentence.

13 Defendant further understands that the Sentencing Guidelines are

14 advisory only, and that after considering the Sentencing

15 Guidelines and the other § 3553(a) factors, the Court may be free

16 to exercise its discretion to impose any reasonable sentence up

17 to the maximum set by statute for the crime of conviction.

18       14.  Defendant and the USAO agree and stipulate to the

19 following applicable Sentencing Guidelines factors:

20       Base Offense Level  :    32   U.S.S.G. § 2D1.1(c)(4)

21 Defendant and the USAO reserve the right to argue that additional

22 specific offense characteristics, adjustments, and departures

23 under the Sentencing Guidelines are appropriate.  Defendant also

24 understands that defendant's base offense level could be

25 increased if defendant is a career offender under U.S.S.G. §§

26 4B1.1 and 4B1.2.  In the event that defendant's offense level is

27 so altered, the parties are not bound by the base offense level

28 stipulated to above.

                                  6

1      15.   The parties agree that:

2           a)   Defendant did not use violence or credible threats

3  of violence or possess a firearm or other dangerous weapon (or

4  induce another participant to do so) in connection with the

5  offense;

6           b)   The offense did not result in death or serious

7  bodily injury to any person; and

8           c)   Defendant was not an organizer, leader, manager,

9  or supervisor of others in the offense and was not engaged in a

10 continuing criminal enterprise.

11     16.   There is no agreement as to defendant's criminal

12 history or criminal history category.

13     17.   Defendant and the USAO, pursuant to the factors set

14 forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and

15 (a)(7), further reserve the right to argue for a sentence outside

16 the sentencing range established by the Sentencing Guidelines.

17     18.   The stipulations in this agreement do not bind either

18 the United States Probation Office or the Court.  Both defendant

19 and the USAO are free to: (a) supplement the facts by supplying

20 relevant information to the United States Probation Office and

21 the Court, (b) correct any and all factual misstatements relating

22 to the calculation of the sentence, and (c) argue on appeal and

23 collateral review that the Court's Sentencing Guidelines

24 calculations are not error, although each party agrees to

25 maintain its view that the calculations in paragraph 14 are

26 consistent with the facts of this case.

27 //

28 //

7

1                    DEFENDANT'S OBLIGATIONS

2      19.   Defendant agrees that he will:

3            a) Plead guilty as set forth in this agreement.

4            b) Not knowingly and willfully fail to abide by all

5   sentencing stipulations contained in this agreement.

6            c) Not knowingly and willfully fail to: (i) appear for

7   all court appearances, (ii) surrender as ordered for service of

8   sentence, (iii) obey all conditions of any bond, and (iv) obey

9   any other ongoing court order in this matter.

10           d) Not commit any crime; however, offenses which would

11  be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are

12  not within the scope of this agreement.

13           e) Not knowingly and willfully fail to be truthful at

14  all times with Pretrial Services, the U.S. Probation Office, and

15  the Court.

16           f) Pay the applicable special assessment at or before

17  the time of sentencing unless defendant lacks the ability to pay

18  and submits a completed financial statement (form OBD-500) to the

19  USAO prior to sentencing.

20                    THE USAO'S OBLIGATIONS

21     20.   If defendant complies fully with all defendant's

22  obligations under this agreement, the USAO agrees:

23           a) To abide by all sentencing stipulations contained in

24  this agreement.

25           b) At the time of sentencing to move to dismiss the

26  remaining counts of the indictment as against defendant.

27  Defendant agrees, however, that at the time of sentencing the

28  Court may consider the dismissed counts in determining the

                               8

1  applicable Sentencing Guidelines range, where the sentence should

2  fall within that range, the propriety and extent of any departure

3  from that range, and the determination of the sentence to be

4  imposed after consideration of the Sentencing Guidelines and all

5  other relevant factors under 18 U.S.C. § 3553(a).

6          c) At the time of sentencing, provided that defendant

7  demonstrates an acceptance of responsibility for the offense up

8  to and including the time of sentencing, to recommend a two-level

9  reduction in the applicable sentencing guideline offense level,

10 pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

11 move for an additional one-level reduction if available under

12 that section.

13         d) To recommend that defendant be sentenced to a term

14 of imprisonment at the low end of the applicable Sentencing

15 Guidelines imprisonment range provided that the total offense

16 level as calculated by the Court is 29 or higher and provided

17 that the Court does not depart downward in offense level or

18 criminal history category.  For purposes of this agreement, the

19 low end of the Sentencing Guidelines imprisonment range is that

20 defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

21                    BREACH OF AGREEMENT

22    21.  If defendant, at any time after the execution of this

23 agreement, knowingly violates or fails to perform any of

24 defendant's agreements or obligations under this agreement ("a

25 breach"), the USAO may declare this agreement breached.  If the

26 USAO declares this agreement breached at any time following its

27 execution, and the Court finds such a breach to have occurred,

28 then: (a) if defendant has previously entered a guilty plea,

1 defendant will not be able to withdraw the guilty plea, and (b)

2 the USAO will be relieved of all of its obligations under this

3 agreement.

4        22.   Following the Court's finding of a knowing and willful

5 breach of this agreement by defendant, should the USAO elect to

6 pursue any charge that was either dismissed or not filed as a

7 result of this agreement, then:

8            a) Defendant agrees that any applicable statute of

9 limitations is tolled between the date of defendant's signing of

10 this agreement and the commencement of any such prosecution or

11 action.

12           b) Defendant gives up all defenses based on the statute

13 of limitations, any claim of pre-indictment delay, or any speedy

14 trial claim with respect to any such prosecution, except to the

15 extent that such defenses existed as of the date of defendant's

16 signing this agreement.

17           c) Defendant agrees that: (i) any statements made by

18 defendant, under oath, at the guilty plea hearing (if such a

19 hearing occurred prior to the breach); (ii) the stipulated

20 factual basis statement in this agreement; and (iii) any evidence

21 derived from such statements, are admissible against defendant in

22 any such prosecution of defendant, and defendant shall assert no

23 claim under the United States Constitution, any statute, Rule 410

24 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules

25 of Criminal Procedure, or any other federal rule, that the

26 statements or any evidence derived from any statements should be

27 suppressed or are inadmissible.

28 //

1                 LIMITED MUTUAL WAIVER OF APPEAL

2       23.  Defendant gives up the right to appeal any sentence

3  imposed by the Court, and the manner in which the sentence is

4  determined, provided that (a) the sentence is within the

5  statutory maximum specified above and is constitutional, and (b)

6  the Court imposes a sentence within or below the range

7  corresponding to a total offense level of 29, and the applicable

8  criminal history category as determined by the Court.

9  Notwithstanding the foregoing, defendant retains any ability

10  defendant has to appeal the conditions of supervised release

11  imposed by the Court, with the exception of the following:

12  conditions set forth in General Orders 318, 01-05, and/or 05-02

13  of this Court; the drug testing conditions mandated by 18 U.S.C.

14  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use

15  conditions authorized by 18 U.S.C. § 3563(b)(7).

16      24.  The USAO gives up its right to appeal the sentence,

17  provided that (a) the sentence is within the statutory minimum

18  and maximum specified above and is constitutional, and (b) the

19  Court imposes a sentence within or above the range corresponding

20  to a total offense level of 29, and the applicable criminal

21  history category as determined by the Court.

22           RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23      25.  Defendant agrees that if any count of conviction is

24  vacated, reversed, or set aside, the USAO may: (a) ask the Court

25  to resentence defendant on any remaining counts of conviction,

26  with both the USAO and defendant being released from any

27  stipulations regarding sentencing contained in this agreement,

28  (b) ask the Court to void the entire plea agreement and vacate

                              11

1 defendant's guilty plea on any remaining count of conviction,

2 with both the USAO and defendant being released from all of their

3 obligations under this agreement, or (c) leave defendant's

4 remaining conviction, sentence, and plea agreement intact.

5 Defendant agrees that the choice among these three options rests

6 in the exclusive discretion of the USAO.

COURT NOT A PARTY

8     26.   The Court is not a party to this agreement and need not

9 accept any of the USAO's sentencing recommendations or the

10 parties' stipulations.  Even if the Court ignores any sentencing

11 recommendation, finds facts or reaches conclusions different from

12 any stipulation, and/or imposes any sentence up to the maximum

13 established by statute, defendant cannot, for that reason,

14 withdraw defendant's guilty plea, and defendant will remain bound

15 to fulfill all defendant's obligations under this agreement.  No

16 one -- not the prosecutor, defendant's attorney, or the Court --

17 can make a binding prediction or promise regarding the sentence

18 defendant will receive, except that it will be within the

19 statutory maximum.

NO ADDITIONAL AGREEMENTS

21     27.   Except as set forth herein, there are no promises,

22 understandings or agreements between the USAO and defendant or

23 defendant's counsel.  Nor may any additional agreement,

24 understanding or condition be entered into unless in a writing

25 signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27     28.   The parties agree and stipulate that this Agreement

28 will be considered part of the record of defendant's guilty plea

12

1 hearing as if the entire Agreement had been read into the record

2 of the proceeding.

3      This agreement is effective upon signature by defendant and

4 an Assistant United States Attorney.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

7

THOMAS P. O'BRIEN

8 United States Attorney

9

10                                               10/7/09
ARIEL A. NEUMAN                      Date
JUSTIN RHOADES

11 JEFF MITCHELL
Assistant United States Attorneys

12

13      This agreement has been read to me in **Spanish**, the language

14 I understand best.  I have carefully discussed every part of this

15 agreement with my attorney.  I understand the terms of this

16 agreement, and I voluntarily agree to those terms.  My attorney

17 has advised me of my rights, of possible defenses, of the

18 sentencing factors set forth in 18 U.S.C. § 3553(a), of the

19 relevant Sentencing Guidelines provisions, and of the

20 consequences of entering into this agreement.  No promises or

21 inducements have been given to me other than those contained in

22 this agreement.  No one has threatened or forced me in any way to

23 enter into this agreement.  Finally, I am satisfied with the

24 representation of my attorney in this matter.

25                                           10/6/09
ANTERO MENDOZA ORTIZ              Date

26 Defendant

27 //

28 //

13

1    I, _NANCY MOYNA_, am fluent in written and spoken

2 English and Spanish languages.  I accurately translated this

3 entire agreement from English into Spanish to defendant ANTERO

4 MENDOZA ORTIZ on this date.

5    _[signature]_                    _10/6/2009_

6 Interpreter                         Date

7

8    I am ANTERO MENDOZA ORTIZ' attorney.  I have carefully

9 discussed every part of this agreement with my client.  Further,

10 I have fully advised my client of his rights, of possible

11 defenses, of the sentencing factors set forth in 18 U.S.C. §

12 3553(a), of the relevant Sentencing Guidelines provisions, and of

13 the consequences of entering into this agreement.  To my

14 knowledge, my client's decision to enter into this agreement is

15 an informed and voluntary one.

16    _[signature]_                    _10/7/2009_

17 GEORGE W. BUEHLER                    Date
   Counsel for Defendant
18 ANTERO MENDOZA ORTIZ

19

20

21

22

23

24

25

26

27

28