GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
        justin.rhoades@usdoj.gov
        jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>RAMON NARCISO MORALES MENDOZA,<br>ET AL.,<br><br>        Defendants. | CR No. 09-230(A)-SVW<br><br><u>GOVERNMENT'S POSITION RE:</u><br><u>SENTENCING OF DEFENDANT</u><br><u>ANTERO MENDOZA-ORTIZ</u><br><br>SENTENCING DATE: **2/8/2010** |

Plaintiff United States of America hereby files its sentencing position relating to defendant Antero Mendoza Ortiz. The United States respectfully recommends that the Court impose a sentence of 6½ years incarceration, 3 years supervised release, and a $100 mandatory special assessment.

///

1  The United States' position regarding sentencing is based
2  upon the attached memorandum of points and authorities, the files
3  and records in this case, the Presentence Report, and any other
4  evidence or argument that the Court may wish to consider at the
5  time of sentencing.

7  DATED: January 26, 2010         Respectfully submitted,

8                                  GEORGE S. CARDONA
                                   Acting United States Attorney
9
                                   CHRISTINE C. EWELL
10                                 Assistant United States Attorney
                                   Chief, Criminal Division
11

12
                                   /s/
13                                 ARIEL A. NEUMAN
                                   JUSTIN R. RHOADES
14                                 JEFF P. MITCHELL
                                   Assistant United States Attorneys
15
                                   Attorneys for Plaintiff
16                                 United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Antero Mendoza Ortiz ("defendant") pleaded guilty to Count One of the First Superseding Indictment, conspiracy to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846.  Defendant admitted two major roles in this large-scale heroin distribution conspiracy:

1) Defendant received many kilograms of unprocessed black tar heroin (presumably imported directly from Mexico) which he processed and packaged for distribution by others; and

2) Defendant coordinated information with others regarding law enforcement activity to help those involved in the sale and transportation of heroin evade detection by law enforcement. Plea Agreement ¶ 11.

Accordingly, defendant was not a low-level street-dealer, but instead, an integral part of a large scale heroin distribution organization, which as he admits, trafficked in many kilograms of heroin.  Id.

**II.  THE PRESENTENCE REPORT AND PROBATION OFFICER'S RECOMMENDATION**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on December 1, 2009.  The PSR calculated the total offense level as follows:

```
Base Offense Level     :    32    U.S.S.G. § 2D1.1(c)(4)
Acceptance of
Responsibility         :    -3    U.S.S.G. § 3E1.1
```

PSR ¶¶ 42-53.  The PSR also calculated a criminal history

category of I based on zero criminal history points.  PSR ¶¶ 58-59.  The United States Probation Office recommended the following sentence: a 120-month term of imprisonment, a five-year term of supervised release, and a special assessment of $100.  USPO Recommendation Letter.  The Probation Officer found that a fine would place an undue burden on defendant's dependants.  Id. at 1.  The United States does not object to the findings set forth in the PSR.

**III. APPLICATION OF "SAFETY VALVE"**

The United States submits that defendant qualifies for relief from the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(f), and moves the Court to imposes the recommended sentence of 6½ years incarceration.  The parties stipulated that defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; that the offense did not result in death or serious bodily injury to any person; and that defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise.  Plea Agreement ¶ 15.  The PSR has determined that defendant has zero criminal history points, and defendant recently "truthfully provide[] to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]"  See 18 U.S.C. § 3553(f)(5), U.S.S.G. § 5C1.2(a)(5).

2

Therefore, defendant's offense level is properly set at a level 27.[1]  U.S.S.G. § 2D1.1(b)(11).  Based on offense level 27 and criminal history category I, defendant's guideline sentencing range is determined to be 70-87 months incarceration.

**IV.   UNITED STATES' RECOMMENDATION**

Defendant played an integral role in a large-scale heroin distribution organization.  This defendant is not a low-level street dealer.  Instead, he is right in the middle of the organization, receiving heroin in unprocessed bulk from Mexico, processing it and packaging it for distribution on the streets of Los Angeles, and then coordinating information about law enforcement to help the heroin dealers in his organization avoid detection by law enforcement.  In short, this is a defendant who is far more culpable than many of the defendants in this case who have been sentenced to 60 months' incarceration.

Defendant is intimately tied to this heroin distribution organization.  His wife, co-defendant Luz Mendoza, is scheduled to be sentenced on February 8, 2010, for the same offense.  His sister-in-law, co-defendant Jessica Mendoza, previously received a 120-month sentence in this matter.  Jessica Mendoza's boyfriend, co-defendant Mario Lopez, previously was sentenced to 120 months incarceration.  Accordingly, this is not a defendant who just fell into this business – he was an important member of a large-scale organization that controlled heroin distribution in

---

[1] The United States hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty.  U.S.S.G. § 3E1.1(b).

3

East Los Angeles until his and his co-defendant's arrests.  He was involved with and associated with many of the leaders of the organization, some of who are still fugitives believed to have fled to Mexico.

Nor was defendant a heroin addict like many other defendants in this case.  PSR ¶ 74.  Unlike those defendants, who were at least in part motivated by the need to feed their addiction, this defendant apparently entered into the conspiracy purely for profit.  This is a defendant who appears to be able to succeed when he applies himself, having obtained some education and held various jobs over the years.  While these are positive signals that defendant may be able to rehabilitate, they also suggest a defendant who made a conscious choice to enter into the heroin business and attempt to profit from it.

This defendant, based on the evidence and his own admissions, is far more culpable than many defendants in this matter who received 60 month sentences of incarceration.  At the same time, his criminal history is less than many of those defendants.  Accordingly, the United States has recommended a sentence of 6½ years, or 78 months incarceration, three years supervised release, and the mandatory special assessment of $100.  This recommended sentence takes into account the guidelines calculation, as well as the need to effect the other goals of § 3553(a): deterrence, punishment, avoiding unwarranted disparities, and protection of the public.  The sentence is not unduly harsh given the nature of the offense and defendant's relative culpability to others in the case, and it accounts for both the mitigating and aggravating factors specific to this

4

defendant.

**V.    CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 78 months imprisonment, three years of supervised release, and a special assessment of $100.